WILLIAM E. IMES, Plaintiff-Appellant, v. PHILIP E. KOENIG, Special Adm'r of the Estate of John H. Trussen, Deceased, *et al.*, Defendants-Appellees.

Third District   No. 3—91—0436

Opinion filed April 17, 1992.

Jerome Mirza & Associates, Ltd., of Bloomington (Eileen M. O'Sullivan, of counsel), for appellant.

Stuart R. Lefstein, of Katz, McAndrews, Balch, Lefstein & Fieweger, P.C., of Rock Island (Robert T. Park, of counsel), for appellees.

JUSTICE HAASE delivered the opinion of the court:

The plaintiff, William Imes, was driving his automobile in Kewanee, Illinois, when he struck a parked semitrailer truck owned by the Standard Trucking Company. At the time of the accident, the truck was parked on Madison Avenue, a two-lane residential street. The plaintiff brought the present negligence action against the defendant trucking company, Standard Trucking Company and the truck driver, John Trussen. According to the plaintiff, the semitrailer was parked on Madison Avenue in such a way so as to reduce the usable portion of the roadway to less than 18 feet, in violation of the City of Kewanee's Municipal Code. The action proceeded to trial and the jury entered a verdict in favor of the plaintiff for $235,000, reduced by 50% for comparative negligence to $117,500. Following the jury's verdict, the defendants moved for a judgment notwithstanding the verdict. The trial court granted the defendants' motion and entered judgment in favor of the defendants. The plaintiff appeals. The defendants cross-appeal.

John Trussen was a truck driver for the Standard Trucking Company. On December 1, 1980, Trussen parked his truck in front of his house at 712 Madison and went inside. Trussen parked his truck in the late evening, close to dusk. At approximately 5 p.m., the plaintiff went to the laundromat with a friend, Chrystal Quanstrom. After they put some laundry in the washer, they decided to take a ride in the plaintiff's auto. The laundromat was located on Madison Avenue, and the plaintiff and his guest drove north on Madison. The plaintiff had his headlights lit and his windshield wipers activated. The plaintiff proceeded down Madison at approximately 30 miles per hour. Quanstrom was seated in the passenger side of the car and was looking straight ahead. When the auto was approximately a car length away from the back of the defendant's truck, Quanstrom saw the truck for the first time and yelled "A truck, the truck there." The plaintiff then yanked the wheel to the left but was unable to avoid hitting the truck. According to Quanstrom, the truck was a car width and a half wide and was right in front of the plaintiff's auto. Both the plaintiff and Quanstrom sustained serious injuries in the collision.

After the accident, the plaintiff got out of his car and walked to the rear of the truck. According to the plaintiff, the back of the truck was covered with mud. The plaintiff's testimony was corroborated by one of the investigating police officers who testified that the back of the truck was covered with road dirt.

At the close of the plaintiff's case in chief, the defendants moved for a directed verdict. The defendants argued they were entitled to a directed verdict because the plaintiff failed to present any evidence of a violation of the Kewanee Municipal Code. The court denied the defendants' motion. The court ruled that although the plaintiff failed to present any evidence of a code violation, the plaintiff should be allowed to amend his pleadings to conform to the proofs.

The plaintiff then amended his pleadings to allege that the truck was covered with dirt and unreasonably obstructed the traffic lane he was traveling. According to the plaintiff's amended complaint, the defendants failed to exercise ordinary care by failing to keep the truck's rear reflectors visible while it was parked on a two-lane residential street at night. The plaintiff claims that motorists do not normally expect to encounter a semitrailer truck parked on a residential street at night without some type of visible reflective equipment.

The jury entered a verdict in favor of the plaintiff. The trial court entered judgment *n.o.v.* for the defendants. The plaintiff now appeals. The plaintiff argues the trial court erred in granting a judgment *n.o.v.* for the defendants. The defendants argue (1) that the proximate cause of the complained-of collision was the plaintiff's negligent driving, not the condition or parking place of the truck; (2) that drivers in this State are required to keep a proper lookout for vehicles and to decrease speed or alter direction so as to avoid colliding with them (see Ill. Rev. Stat. 1981, ch. 95½, par. 11—601(a)); (3) that because no evidence was presented that the truck was illegally parked, this court should hold as a matter of law that the defendants cannot be held liable; and (4) that motorists are under no common law or statutory duty to keep their vehicles clean, and that imposing such a duty would thrust an impossible burden upon motorists of this State; "any vehicle driven in the winter in Illinois will not stay clean for long, regardless of how frequently it is washed."

In *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, our supreme court noted that judgments *n.o.v.* ought to be entered "only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on the evidence could ever

stand." (37 Ill. 2d at 510.) The plaintiff claims the trial court misapplied the *Pedrick* criteria. We disagree.

No evidence was presented that the truck in question was parked in an illegal or unsafe manner. There is no common law or statutory duty that requires motorists to keep parked vehicles clean. For this court to impose such a duty would be an unwarranted extension of the common law. It would place an almost insurmountable burden upon the owners of parked vehicles. It may be true that motorists do not expect a semitrailer truck to be parked on a residential street, but this alone does not form a sufficient basis to impose liability on the defendants.

Drivers in this State are under an obligation to avoid colliding with other vehicles and to operate their automobiles in a reasonable manner, with due regard for the weather conditions prevailing at the time of driving.

> "No vehicle may be driven upon any highway of this State at a speed which is greater than is reasonable and proper *** the applicable maximum speed limit does not relieve the driver from the duty to decrease speed when *** special hazard exists with respect to pedestrians or other traffic *or by reason of weather or highway conditions.* Speed must be decreased as may be necessary *to avoid colliding with any person or vehicle* ***." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 95½, par. 11—601(a).

It is clear from the evidence adduced at trial that the plaintiff did not operate his automobile with due regard for the weather conditions at the time of the collision. At trial the plaintiff testified that it began raining harder as he proceeded down Madison Avenue and he only became aware of the truck's presence after Quanstrom screamed. Quanstrom stated that the car was travelling at approximately the posted speed limit, 30 miles per hour, when she saw the truck. According to Quanstrom, she was looking straight ahead while the auto proceeded down Madison Avenue and only noticed the truck when it was approximately one car length away. Likewise, the plaintiff testified that he was looking straight ahead prior to the collision and did not notice the parked truck. If visibility at the time of the collision was so poor that the plaintiff did not notice the truck until his passenger screamed, it is clear that the plaintiff was driving too fast for the weather conditions. (*Masotti v. Console* (1990), 195 Ill. App. 3d 838, 552 N.E.2d 1292 (a person can be driving under the speed limit and still be driving too fast for conditions).) When this fact is coupled with the fact

the truck was legally parked, we feel the nonliability of the defendants has been established as a matter of law.

Although it is difficult to discern why the trial court failed to direct a verdict for the defendants at the close of the plaintiff's case in chief, the court did not commit error in entering a judgment *n.o.v.* Having resolved the present dispute in favor of the defendants, the points raised in the defendants' cross-appeal are moot and need not be addressed.

Accordingly, the judgment of the circuit court of Henry County is hereby affirmed.

Affirmed.

McCUSKEY and SLATER, JJ., concur.